F I L E D
U.S. CLERK'S OFFICE
DISTRICT COURT E.D.N.Y.
★ MAY 3 2005 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANTZ SAINTILUS,

               Plaintiff,

      -against-                         **MEMORANDUM AND ORDER**

MICHAEL A. ZENK, Warden,             05-CV-1744 (ERK)
R. SANCHEZ, Counselor,

               Defendants.
-----------------------------------------------------------x
KORMAN, Ch. J.

    Plaintiff, Frantz Saintilus, an inmate at the Metropolitan Detention Center in Brooklyn ("MDC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983, principally seeking damages for injuries he sustained in a fall at MDC. Plaintiff's request to proceed *in forma pauperis* is granted but, for the reasons set forth below, plaintiff's claims against defendant Zenk are dismissed. Plaintiff's claims against defendant Sanchez are construed as claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the United States Marshals Service is directed to serve Sanchez with the complaint, a summons and a copy of this Order without prepayment of fees.

Background

    On January 29, 2005, plaintiff fell down a flight of stairs at MDC. According to allegations in plaintiff's complaint, the truth of which are assumed for purposes of this Order, the fall occurred shortly after Sanchez moved plaintiff from a cell on the lower tier to one on the upper tier. Although plaintiff had protested the move, telling Sanchez that he suffered from medical problems that made him prone to dizzy spells and fainting "without warning," Complaint, ¶ IV, Sanchez disregarded this information. The complaint alleges that plaintiff fell

because he fainted while attempting to descend the stairs from the upper tier, and that plaintiff suffered serious injuries from which he is still recovering.

Sometime after the accident, plaintiff wrote to "Regional" (presumably, the Regional Director of the Federal Bureau of Prisons), requesting that Regional "look[] into the matter." *Id.* Regional apparently construed plaintiff's submission as a grievance, determined that the issues raised therein were not "sensitive," and informed plaintiff that "he should file at [the] institutional level." *Id.* Plaintiff then filed a "BP9" (an Administrative Remedy Request) with Warden Zenk. "[I]nstead of honoring Plaintiff's BP9," Zenk forwarded a photocopy of it to Sanchez. *Id.*

Since plaintiff was housed on the lower tier by the time Sanchez received the photocopy, Sanchez marked the document to indicate that the grievance had been "informally resolved," then "tricked" plaintiff – who alleges he cannot read well – into signing the form by telling plaintiff that his signature would merely confirm that he was being housed on the lower tier. *Id.* Sanchez allegedly also twice "attempted to trick Plaintiff ... into signing a false affidavit contrary to the entire incident of him falling and sustaining injuries." *Id.* However, plaintiff, acting on the advice of a literate fellow inmate, refused to sign the affidavit. *Id.*

On March 29, 2005, plaintiff initiated this action by placing a form complaint pursuant to 42 U.S.C. § 1983 in the prison mail. The complaint principally alleges a "violation of Plaintiff's constitutional right to be housed in a safe environment," and demands compensatory damages of $5 million and punitive damages of $10 million. *Id.* at ¶ V. In addition, the complaint requests an injunction to prohibit MDC, which is not named as a defendant in this action, "from using all sort[s] of unethical and illegal ploy[s] to derail ... grievance procedures." *Id.* at ¶ IV.

2

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from officers or employees thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). Because plaintiff is proceeding *pro se*, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 is inapplicable to this case because it only provides relief against defendants who act under color of state – not federal – law. *See Perez v. Hawk*, 302 F.Supp.2d 9, 18 (E.D.N.Y. 2004). However, since plaintiff is proceeding *pro se*, this Court will construe this § 1983 action as an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) – a case which permits plaintiffs to sue federal officers for constitutional violations. *See Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995) (holding that a district court properly construed a *pro se* §1983 action as a *Bivens* action); *Daloia v. Rose*, 849 F.2d 74, 75 (2d Cir. 1988) (construing a *pro se* §1983 claim as a *Bivens* action).

"To state a claim under *Bivens*, a plaintiff must allege a deprivation of constitutional rights by defendants acting under color of federal law." *Perez*, 302 F.Supp.2d at 18. In this case,

3

plaintiff's complaint may state a *Bivens* claim against Sanchez, a federal employee who arguably violated plaintiff's rights under the Eighth Amendment and the Due Process clause by being deliberately indifferent to plaintiff's medical need to be housed on the lower tier. *See DeShaney v. Winnebago County Dept. of Social Servs.*, 489 U.S. 189, 200 (1989).

The complaint does not, however, state a *Bivens* claim against Zenk. Federal officials cannot be held vicariously liable under *Bivens* for constitutional violations committed by their subordinates. *Perez*, 302 F.Supp.2d at 18-19; *Khan v. United States*, 271 F.Supp.2d 409, 413 (E.D.N.Y. 2003). Rather, "[p]ublic officials may be held responsible only to the extent that they caused the plaintiff's rights to be violated." *Leonhard v. United States*, 633 F.2d 599, 621 n. 30 (2d Cir. 1980), *cert. denied*, 451 U.S. 908 (1981).

Aside from plaintiff's conclusory allegation that Zenk was "at fault for violating Plaintiff's constitutional right to be housed in a safe environment," Complaint at ¶ IV, there is nothing in the complaint to suggest that Zenk had any personal involvement in the decision to relocate plaintiff to the upper tier. To the contrary, the complaint indicates that the decision to move plaintiff was made by Sanchez alone and that plaintiff did not alert Zenk to the problem until he filed a BP-9 well after the accident. Therefore, any *Bivens* claims against Zenk for money damages stemming from the accident must be dismissed.

To the extent that plaintiff's request for injunctive relief against MDC can be read as raising a claim for injunctive relief against Zenk, this claim must also be dismissed. Although the complaint implies that Zenk acted improperly in forwarding the BP-9 to Sanchez "instead of honoring Plaintiff's BP-9" himself, Zenk acted in accordance with applicable regulations. These regulations require that an inmate attempt to informally resolve his or her grievance before filing a BP-9. 28 C.F.R. § 542.13(a). Although this requirement "may be waived in individual cases at

the Warden['s] ... *discretion* when the inmate demonstrates an acceptable reason for bypassing informal resolution," 28 C.F.R. § 542.13(b) (emphasis added), a warden is not required to process a BP-9 before informal resolution is attempted. Therefore, Zenk was acting properly under the regulations. Indeed, he was attempting to expedite plaintiff's grievance by initiating the informal resolution process himself rather than returning the BP-9 to plaintiff with instructions to file an Informal Resolution form (a "BP-8") with Sanchez.

Conclusion

For the reasons stated above, plaintiff's claims against defendant Zenk are dismissed. Plaintiff's claim for damages against Counselor Sanchez is construed as a claim pursuant to *Bivens*, 403 U.S. 388, and the United States Marshals Service is directed to serve defendant Sanchez and the United States Attorney for the Eastern District of New York with plaintiff's complaint, a summons and a copy of this Order without prepayment of fees. *See* 28 U.S.C. §1915. This case is referred to Magistrate Judge Lois Bloom for pretrial supervision.

SO ORDERED.

s/Edward R. Korman
EDWARD R. KORMAN
United States District Judge

Dated: Brooklyn, New York
4/21, 2005